IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AGNIESZKA CZECHOWSKI, | : | |
| | : | |
| Plaintiff, | : | Civil Action No.: |
| | : | |
| v. | : | |
| | : | |
| EXPRESS MOBILE DIAGNOSTIC SERVICES, LLC, | : | |
| | : | |
| Defendant. | : | |

## **COMPLAINT**

AND NOW, comes the Plaintiff, Agnieszka Czechowski, by and through her undersigned counsel, Sean A. Casey, Esquire, and files the following Complaint:

### Nature of the Action

This is an action brought pursuant to the Pregnancy Discrimination Act of 1978, as an Amendment to Title VII to the Civil Rights Act of 1964, Sex Discrimination under Title VII of the Civil Rights Act of 1964, 42, U.S.C. §2000e-2(a)(1), the Pennsylvania Human Relations Act, as well as Retaliation for exercising her rights under these various statutes. The Plaintiff, Ms. Agnieszka Czechowski, seeks declaratory, injunctive and compensatory relief for the discriminatory conduct, hostile work environment, retaliation and termination of her position by the Defendant in this matter.

## Parties

1. The Plaintiff, Agnieszka Czechowski, is an adult individual residing at 722 Pennsylvania Avenue, Irwin, Pennsylvania 15642.

2. At all times relevant hereto, the Plaintiff was a qualified individual, for a period pregnant with child, and otherwise possessed of all qualifications necessary to perform the essential functions of her job.

3. The Defendant, Express Mobile Diagnostic Services, LLC, is a corporation in the state of Pennsylvania, providing diagnostic services to local residents, with a primary place of business located at 2030 Ader Road, Jeannette, PA 15644.

## Jurisdiction

4. This Court has jurisdiction over this Complaint pursuant to 28 U.S.C. §1331, relating to federal questions. Supplemental jurisdiction over the related state law claims is conferred by 28 U.S.C. §1367(a).

5. Venue is proper in this case pursuant to 28 U.S.C. §1391(b).

## Statements of Fact

6. The Plaintiff, Agnieszka Czechowski, is a certified radiologic technologist with certification also in CPR.

7. On or about May 18, 2015, the Plaintiff accepted a position as a radiologic technologist with the Defendant, earning approximately $17.00 per hour.

8. In September of 2015, the Plaintiff received a performance review from her then supervisor Jenna Vehovic, which the Plaintiff understood to be a positive review that included no issues of underperformance, significant mistakes or discipline of any kind.

9. At this point, the Plaintiff was only receiving part-time hours, but the expectation was that she would receive a full-time position once one had become available to her.

10. The Plaintiff became aware of the fact that she was pregnant sometime in December of 2015.

11. She advised her supervisor Ms. Vehovic and the new lead radiologic technologist, Lindsay Stear, of her pregnancy and the need for a fetal monitoring badge, as was required in their field for pregnant women, on or about January 4, 2016.

12. Plaintiff did advise them at that time that her physician did not have her on any restrictions, but that there were significant concerns about securing a fetal monitoring badge as soon as possible.

13. Ms. Vehovic was transferred to a separate position in late January of 2016, and Ms. Stear became the Plaintiff's supervisor at that time.

14. On or about January 27, 2016, the Plaintiff again followed up with Ms. Stear regarding the fetal monitoring badge, and questioned as to why she had not received.

15. The response received from Ms. Stear was that it had not yet been secured, and she reprimanded the Plaintiff about her pregnancy and not making them aware of it sooner.

16. Shortly after this discussion the Plaintiff was terminated on or about February 4, 2016, by Ms. Stear.

17. The reason given by Ms. Stear was that the Plaintiff was being discharged because there were complaints from facilities and that she had called off on February 2, 2016.

18. Ms. Stear indicated that Dawn Godkin, Director of Operations, wanted the Plaintiff pulled immediately, and Plaintiff was told to turn in her badge or she would not receive her last paycheck.

19. The Plaintiff never received the fetal monitoring badge.

20. The Plaintiff questioned the Defendant with regard to the details of the alleged complaints, and received no response from Ms. Stear or any other agent of the Defendant.

21. The Plaintiff is not aware of any writeups that may have existed against her, nor was she ever informed of any issues of her job performance prior to her discharge.

22. The Plaintiff is aware of several male radiologic technologists that have had multiple complaints against them and said individuals were not discharged. These individuals were Brian Lutton and Ed Klosky.

23. The Plaintiff was fired approximately one (1) month after disclosing her pregnancy to the Defendant, and after the Plaintiff had to request the fetal monitoring badge several times without result.

24. The Plaintiff's Complaint was filed with the Pennsylvania Human Relations Commission on or about May 9, 2016, and dual filed with the EEOC.

25. More than one (1) year has passed since the filing of this Charge with the PHRC and the EEOC.

**Count 1: Pregnancy Discrimination – Title VII & PHRA**

26. Paragraphs 1 through 25 above are incorporated herein by reference as though fully set forth.

27. Defendant violated Title VII of the Civil Rights Act of 1964, and specifically, the Pregnancy Discrimination Act, by its failure and refusal to allow Plaintiff to perform the position for which she was hired, openly and repeatedly making reference to the pregnancy, failing to address the necessary medical accommodation of that pregnancy, ridiculing the Plaintiff, and otherwise making inappropriate comments about her pregnancy, and ultimately terminating her from her position.

28. Prior to the date of the Plaintiff's termination, the only issue the Plaintiff had been ridiculed and yelled at by her supervisor, Ms. Stear, was the Plaintiff's failure to disclose her pregnancy earlier and her displeasure about Plaintiff's repeated requests for a fetal monitoring badge. Plaintiff seeks all rights and remedies to which she is entitled pursuant to Title VII and the Pregnancy Discrimination Act, and PHRA, including lost wages, lost benefits, compensatory damages, punitive damages, declaratory and injunctive relief, and attorney's fees and costs.

WHEREFORE, the Plaintiff respectfully requests this Court enter judgment in her favor and against the Defendant, and award her damages for past lost wages and benefits, future lost wages and benefits, compensatory damages for humiliation, embarrassment and inconvenience, loss of standing and reputation in the community, punitive damages, declaratory and injunctive relief, attorney's fees and costs, adverse tax consequences, and such other relief as the Court may deem appropriate.

A jury trial is demanded.

## Count 2: Gender Discrimination - Title VII & PHRA

29.     Paragraphs 1 through 28 above are incorporated herein by reference as though fully set forth.

30.     Defendant alleges that they terminated the Plaintiff due to some vague complaints, as well as an inaccurate assertion of her potentially violating a call off rule. Plaintiff was never advised of any of these violations until after her termination.

31.     Plaintiff is aware of several male individuals who have had multiple complaints and violations, and have not been disciplined in any way approaching the termination that was brought upon the Plaintiff.

32.     Defendant's termination of the Plaintiff was because of her sex and pregnancy, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-2(a)(1) and the Pennsylvania Human Relations Act.

33.     Defendant's actions were done with malice or reckless disregard of Plaintiff's federally and state protected rights.

34.     As a direct and proximate result of Defendant's actions, Plaintiff has suffered and continues to suffer, lost wages and benefits, as well as humiliation, inconvenience, mental distress and embarrassment.

WHEREFORE, the Plaintiff respectfully requests this Court enter judgment in her favor and against the Defendant, and award her damages for past lost wages and benefits, future lost wages and benefits, compensatory damages for humiliation, embarrassment and inconvenience, loss of standing and reputation in the community, punitive damages, declaratory and injunctive

relief, attorney's fees and costs, adverse tax consequences, and such other relief as the Court may deem appropriate.

relief, attorney's fees and costs, adverse tax consequences, and such other relief as the Court may deem appropriate.

A jury trial is demanded.

### Count 3: Retaliation – Title VII & PHRA

35. Paragraphs 1 through 34 above are incorporated herein by reference as though fully set forth.

36. The Plaintiff disclosed her pregnancy to the Defendant employer on January 3, 2016, and requested a fetal monitoring badge for the safety of her child. The Plaintiff was never given the fetal monitoring badge that she requested, and that was required given the pregnancy.

37. Plaintiff was yelled at, humiliated, and rebuked for the way that she handled her pregnancy when she had inquired about the fetal monitoring badge, that the Defendant employer should have had available. Not even a week after that conversation the Plaintiff was terminated for vague reasons that were not brought to her attention until after the termination.

38. Defendant's actions were done with malice or reckless disregard of Plaintiff's federally protected rights.

39. As a direct and proximate result of Defendant's actions, Plaintiff has suffered and continues to suffer, lost wages and benefits, as well as humiliation, inconvenience, mental distress and embarrassment.

WHEREFORE, the Plaintiff respectfully requests this Court enter judgment in her favor and against the Defendant, and award her damages for past lost wages and benefits, future lost wages and benefits, compensatory damages for humiliation, embarrassment and inconvenience,

relief, attorney's fees and costs, adverse tax consequences, and such other relief as the Court may deem appropriate.

A jury trial is demanded.

### Count 3: Retaliation – Title VII & PHRA

35. Paragraphs 1 through 34 above are incorporated herein by reference as though fully set forth.

36. The Plaintiff disclosed her pregnancy to the Defendant employer on January 3, 2016, and requested a fetal monitoring badge for the safety of her child. The Plaintiff was never given the fetal monitoring badge that she requested, and that was required given the pregnancy.

37. Plaintiff was yelled at, humiliated, and rebuked for the way that she handled her pregnancy when she had inquired about the fetal monitoring badge, that the Defendant employer should have had available. Not even a week after that conversation the Plaintiff was terminated for vague reasons that were not brought to her attention until after the termination.

38. Defendant's actions were done with malice or reckless disregard of Plaintiff's federally protected rights.

39. As a direct and proximate result of Defendant's actions, Plaintiff has suffered and continues to suffer, lost wages and benefits, as well as humiliation, inconvenience, mental distress and embarrassment.

WHEREFORE, the Plaintiff respectfully requests this Court enter judgment in her favor and against the Defendant, and award her damages for past lost wages and benefits, future lost wages and benefits, compensatory damages for humiliation, embarrassment and inconvenience,

loss of standing and reputation in the community, punitive damages, declaratory and injunctive relief, attorney's fees and costs, adverse tax consequences, and such other relief as the Court may deem appropriate.

**A JURY TRIAL IS DEMANDED AS TO ALL ISSUES TRIABLE TO A JURY.**

Respectfully submitted

/s/ Sean A. Casey
Sean A. Casey
PA ID #79806
Email: sean@caseylegal.com

**SEAN A. CASEY, ATTORNEY AT LAW, P.C.**
First & Market Building
100 First Avenue, Suite 1010
Pittsburgh, PA 15222
T: (412) 201-9090
F: (412) 281-8481